Ewing, C. J.
In this case, a writ of attachment pending in, ibe Court of Common Pleas, of the county of Monmouth, and the proceedings thereon, which had so far progressed, that the defendant was twice called, and his second default had been recorded, were removed into this court. And John Jeffery, the defendant in attachment, has moved to quash the writ and proceedings, because an attachment will not lie in the case exhibited by the return to the certiorari.
The writ of attachment is “ of a plea of breach of covenant.” In the affidavit, Adam Wooley, the plaintiff swears, “ that John Jeffery his debtor, is not to his knowledge or belief, resident at this time in this state, and that the said John Jeffery owes to this deponent, the sum of three hundred dollars damages he hath sustained by reason of the breach of covenant, which the said John Jeffery made to this deponent hath broken.”
The remedy by attachment, is founded in this state upon statute, and we are therefore to recur to the statute, to ascertain In what cases, or under what circumstances, this remedy maybe made use of and applied. An attachment vyilí lie where the cause of action is founded upon contract, and is of such a nature, that the plaintiff is entitled to hold the defendant to bail, upon filing an affidavit of the cause of action. When the cause of action arises ex delicto, or, being upon contract, is of such n *124 nature that bail cannot be required without the order of a court or judge, resort cannot be had to this remedy. A demand may be founded on. a contract, but the amount to be recovered, so uncertain and unliquidated as to require -the intervention of á jury ; and as in such case, the opinion of the plaintiff would not be the measure of damages, nor his oath suffice of itself to fix the amount of bail, so neither can he, upon such demand, sue out a writ of attachment. A review of the statute, will fully warrant these conclusions. The general scope of it leads to them almost irresistibly. Its details admit no other construction. The title is, an act for the relief of creditors, against absconding and absent debtors. Two classes of debtors are contemplated throughout the act, 1st such as having resided in the state, have absconded from their creditors ; and, secondly, such as are indebted, and have property here, but reside in some other state or country ; and the provisions of the statutes are in some respects common to both, in others, necessarily distinct. The first sections provides the attachment against the former class, and enacts that “ if any creditor shall make oath or affirmation, that he verily believes that his debtor absconds from his creditors, and is not to bis knowledge or belief, resident in the state at the time,” the elerk.shall issue an attachment against the estate “ of such debt- or.” The 26th section provides against the second class; after by- preamble, reciting that debtors, who reside out of this state, may have property in the same, sufficient to pay their debts, or some part thereof, it enacts, that the property “ of every debt- or, who may reside out of this state” shall be liable to be attached and proceeded against “ for the payment of his debts,” in like manner, as nearly as may be, as the property of other debtors are made liable by that act, and prescribes that the applicant for the attachment shall, in such case, make oath of the non-residencé of the person against whose estate the attachment is to be issued, “ and that he owes to the plaintiff, a certain sum of money, specifying as nearly as he can, the amount of the debt or balance.” The fifteenth section provides, that the court on. the return of the writ, shall appoint persons “ to audit and adjust the demands of the plaintiff, and of so many of the defendant’s creditors as shall have applied for that purpose,” and st to ascertain the sum due to the plaintiff, and to each of the creditor’s aforesaid,” and throughout the whole statute, when- *125 over the parties are spoken of, unless called plaintiff and defendant, they are uniformity styled creditor and debtor. The 21st section directs a sale of the property “ attached and taken as aforesaid, or such part thereof, as shall be necessary to satisfy the debts of the plaintiff and the creditors,' who may have applied agreeably to the directions of this act.” And the 22d section directs the auditors to distribute the money arising from the sales “ among the said plaintiff and creditors, equally, and in a ratable proportion, according to the quantum or amount of their respective debts, as ascertained by the said report, and the judgment thereon.” The counsel of the plaintiff, in order to give a more .extended construction to the statute, singled out some phrases which of themselves might mark wider bounds. But such phrases, whenever they occur, are necessarily to be understood in reference to and connection with, and where doubtful are to be explained by, other terms or clauses of the act. And, in truth, almost every phrase he cited, is coupled with some other which inevitably limits its generality. Thus, the demands in the 15th section, are the demands of creditors. So in the 27th section, the words “jointly bound or indebted,” are said to be in the disjunctive ; but before the sentence is finished, those, thus jointly bound or indebted, are called “joint debtors,” and the estate attached, whether separate or joint,.is to be sold for the payment “ of such joint debt.” The supplement of 1820 does not, as justly observed, expressly require the published notice to state any thing of the cause of action, but it directs the notice to be given, when an attachment has issued “ against any debtor or debtors, who may reside out of this state.” And precisely the same remark is applicable to the other instances mentioned by him. The general scope, and the particular details of the statute, more fully establish the position that the cause of action most be founded sn contract. So arc the terms, debt, debtor and creditor, to tie understood i nor is a straitened or rigid construction to he adopted, feeing forbidden no less by the liberality due to a remedial law, than that which is expressly enjoined in this statute, “ for the advancement of justice and the benefit of creditors.”
A similar view of the matter, proves the position, that the cause of action is to he of such a nature, as to entitle the plaintiff to require hail ia ordinary actions, upon filing an affidavit of *126 the amount due and the cause of action. The plaintiff or his agent, is to make affidavit, that the defendant is his debtor; and in case of a foreign attachment, he is to make oath that he owes him, and, as nearly as may be, is to specify the amount of the debt or balance. But a conclusive argument on this point is drawn from the provision that the defendant is permitted to appear and defend the action, only by entering into special bail. He is not authorised, in some cases, to enter a common appearance or file a common, bail;, and in others to give special bail, but in all places is required to give special bail. A plain proof that the writ is to be used only in cases where special bail is-in general required; and as no order of a court or judge is, even when an appearance is proposed, to determine the propriety requiring bail or to fix its amount, it follows that the attachment is not to be issued in those cases where the propriety of bail, or its amount is to be ascertained by such order. So great a departure from the ordinary rules and principles in respect to bail, as to authorise a plaintiff to enforce bail in all cases, and in all at his pleasure to fix the amount, is not to be admitted without plain legislative enactment. In the case of Peacock v. Wildes, 3 Halst. 178, Justice Ford, who sat alone in the cause, decided that an attachment would not lie against an heir for a debt of his ancestor, because an heir is not liable to be held to special bail when sued, for such debt.
Having thus shewn that the cause of action must be founded on contract, and of such nature as to enable the plaintiff, as of course, to require special bail, we are prepared to approach more closely the present case. The action is of a plea of covenant broken, founded therefore upon contract. The nature of the covenant is not disclosed by the affidavit or any part of the proceedings returned into this court. The general rule in respect to bail is, that> where the cause of action arises from a debt or money demands, or where it sounds in damages, but the damages may be ascertained with certainty, the defendant may be held to bail as of course. But when the cause of action sounds merely in damages and those damages are unliquidated, or cannot possibly be reduced to any degree of certainty, without the intervention of a jury, the defendant shall not be held to bail, unless an order of a judge be first obtained for the purpose. In particular, ia the action of the covenant, the defendant *127 ■cannot be held to bail as of course, unless the covenant be for the payment of a sum certain. 1 Arch. Pr. 51. 1 Sellon Pr. 43. Tidds Pr. 150, 151. Rinton v. Hughes, 6 D. and E. 13. Wildey v. Thornton, 2 East 409. In this form of action, then a defendant in some cases may, and in others may not be held to bail as of course, according to the nature of the contract; and hence it appears in some causes of action, founded on covenant, an attachment will lie. The argument of the counsel in support of the present attachment, then is, that as an attachment may issue for some demands in covenant, this writ should be sustained, as this court will not presume the Court of Common Pleas have acted where they have no jurisdiction. In other words, inasmuch as there are cases in which the attachment may be used, the court are bound to presume the present to be one of them. But this reasoning is not sound. In the first place, a fact is assumed as the basis of it, of which we find no proof. In what have the Common Pleas acted ? They have not rendered judgment Entries of the first and second default are not acts on which this presumption can be built. Secondly. The jurisdiction by attach ■ ment is limited, not general. Hence the jurisdiction must he shewn, not presumed. As the writ may be used in some cases only, the affidavit which is most strictly required to be filed be - fore the writ is issued, and as the authority of the clerk to sea! it, should shew that it is sued out in one of them. If such be not the rule, how is a party to be relieved against a writ im« providently issued ? On the return of the writ, when, by its execution, his property is hound, and if goods and chatties, perhaps already in the hands of the officer, if he applies to the court, is he to be told the plaintiff may possibly be right, and you must therefore show what is his cause of action or remain unredressed ? If the defendant would appear in order to resist the demand of the plaintiff, is he to put in special bail in the dark? Is he to give bail and afterwards to find by the declaration, not only that the amount has been fixed by the caprice or the anger or malice of the plaintiff, and that bail would not only be not required as of course, but that a judge’s order for it could not have been obtained f The sound rule forbidding such presumption as the plaintiff asks, and requiring him to express in covenant the nature of his action, obviates those difficulties,
la as much then, as it dees not appear that the plaintiff is sts *128 tided to this remedy $ or that the court had jurisdiction to proceed by writ of attachment. I am of opinion the writ and proceedingsin the present case should be quashed.